# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-07-94-M |
| | ) | (CIV-12-249-M) |
| ESTEBAN DIAZ, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

## ORDER

Defendant-Movant Esteban Diaz ("Diaz"), a federal prisoner, filed a Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on March 5, 2012. On April 11, 2012, plaintiff-respondent United States of America filed its response to Diaz's motion, and on April 27, 2012, Diaz filed his reply.

I.   Background

On April 3, 2007, Diaz was charged in a four-count Indictment with the following: (1) distribution of methamphetamine (Count 1), (2) attempted distribution of methamphetamine (Count 2), (3) use of a communication facility to facilitate the distribution of a controlled substance (Count 3), and (4) causing interstate travel in aid of racketeering and aiding and abetting (Count 4). On June 8, 2007, pursuant to a written plea agreement, Diaz entered a plea of guilty to Count 2 of the Indictment. On October 16, 2007, Diaz was sentenced to 235 months' imprisonment on Count 2, and the remaining counts were dismissed.

On November 1, 2007, Diaz appealed to the Tenth Circuit Court of Appeals, and on April 25, 2008, the Tenth Circuit enforced the appeal waiver in Diaz's plea agreement and dismissed the appeal. *United States v. Diaz*, Case No. 07-6266, 2008 WL 1837314 (10th Cir. Apr. 25, 2008).

On June 21, 2010, Diaz filed a "Motion for Enforcement of the Plea Agreement." In his motion, Diaz contended that the government breached the plea agreement when it failed to file a Rule 35 motion for a reduction in his sentence based upon his cooperation, as he alleged the government had promised, and requested the Court to compel the government to follow the provisions of the plea agreement or to determine the plea agreement to be void. On July 20, 2011, the Court conducted a hearing on Diaz's motion, and on October 12, 2011, the Court denied Diaz's Motion for Enforcement of the Plea Agreement.

## II. Discussion

Diaz asserts that his conviction should be set aside because his attorney provided ineffective assistance of counsel. Specifically, Diaz asserts that his attorney falsely told him, prior to his plea of guilty, that the government had promised it would file a Rule 35 motion to reduce defendant's sentence based upon Diaz's cooperation. In its response, the government contends that Diaz's Section 2255 motion is time-barred and should be dismissed.

### A. Timeliness

Section 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> \*      \*      \*
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(4). "The statute does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000).

> Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, *see* § 2255(1), to the later date on which the particular claim accrued.

*Id.* at 190. Further, "[t]he proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered [the error]," and the petition is timely if filed "within one year of the date in which the discovery would have been made in the exercise of due diligence." *Id.*

The government asserts that Diaz has not acted with due diligence. Specifically, the government contends that Diaz could have filed his Motion for Enforcement of the Plea Agreement anytime after October 16, 2008, the statutory deadline for filing a Rule 35 motion, but instead waited until June 21, 2010 and has provided no explanation for his delay. Additionally, the government contends that Diaz misstated and concealed material facts at his change of plea hearing and that had he been truthful at the hearing, any irregularities in his plea could have been corrected. The government, thus, asserts that Diaz only had one year from his plea to seek relief.

In his motion, Diaz asserts that he was unaware of the ineffective assistance of his counsel until the July 20, 2011 evidentiary hearing on his Motion for Enforcement of the Plea Agreement. Specifically, Diaz asserts that the instant Section 2255 motion is based on the evidence that came to light during that hearing and, thus, his motion is timely because it was filed within one year of the evidentiary hearing.

Additionally, in his Motion for Enforcement of the Plea Agreement, Diaz states:

> Sometime in mid 2008, Mr. Diaz learned that his cooperation resulted in conviction. It was then that he believed the government was required to hold up its end of the plea agreement.

3

Mr. Diaz sent letters to his court appointed attorney, Mr. Johnson, requesting assistance in making contact with the government to file their sentence reduction.

Mr. Johnson failed to respond to the requests and several phone calls from Mr. Diaz's family.

On January 12, 2009, Mr. Diaz sent another letter to Mr. Johnson requesting his assistance in filing a motion or making contact with the government to file a sentence reduction. See [Exhibit 1].

On February 12, 2009, Mr. Diaz sent another letter to Mr. Johnson again asking that he contact the government and request they file a motion to reduce sentence. See [Exhibit 2].

Mr. Diaz received no response from Mr. Johnson, and took the liberty on March 3, 2009 to contact the government directly. In his letter to Assistant U.S. Attorney, Mary Smith. Mr. Diaz requested the government, pursuant to its agreement file a sentence reduction for his substantial assistance. See [Exhibit 3].

Mr. Diaz, waited for some type of response believing the government would comply with the terms of the plea and file a Rule 35 sentence reduction.

On May 28, 2009, nearly 90-days later and after no response by the government, Mr. Diaz sent a second letter. The second letter once more outlined Mr. Diaz belief he was entitled to the government filing for sentence reduction, pursuant to the terms of the plea bargain and agreement entered into by the parties. See [Exhibit 4].

Thereafter, Mr. Diaz adult daughter made contact with Mr. Johnson who told her he would contact the government. During their conversation Mr. Johnson when asked why he did not respond to the many letters from Mr. Diaz or her many phone calls responded by claiming he did not receive them.

On August 29, 2009, Mr. Diaz send by Certified Mail, copies of all the letters he sent, requesting his assistance to contact the government for a reduction of sentence pursuant to the agreement. See [Exhibit 5].

Mr. Diaz continued to remain patient under the belief that the government would fulfill it's part of the agreement, and Mr. Johnson would follow through.

Due to no response from the government or Mr. Johnson, Mr. Diaz on February 17, 2010, sent another letter to Mr. Johnson. See [Exhibit 6].

Mr. Diaz once more outlined his request for Mr. Johnson to make contact with the government and to request them to obey the terms of the agreement and file a sentence reduction as agreed to in the plea.

> As of the date of this filing Mr. Johnson nor the government
> has ever responded to Mr. Diaz's many requests.

Motion for Enforcement of the Plea Agreement [docket no. 37 in CR-07-94-M] at 3-5.

Having carefully reviewed the parties' submissions, the court file, and the transcript from the July 20, 2011 hearing, the Court finds that the facts supporting Diaz's ineffective assistance of counsel claim were first discovered by Diaz at the July 20, 2011 hearing. Specifically, the Court finds that until the July 20, 2011 hearing, Diaz had no reason to doubt what his attorney had told him – that the government had promised to file a Rule 35 motion – or to suspect that his attorney had misrepresented or misunderstood the deal that had been made with the government. The Court further finds that Diaz exercised due, or reasonable, diligence in discovering these facts. Contrary to the government's assertion, Diaz did not sit idly by after the one year deadline to file a Rule 35 motion had passed and simply do nothing until he filed his Motion for Enforcement of the Plea Agreement on June 21, 2010. In fact, Diaz wrote numerous letters to his counsel and wrote two letters to the Assistant United States Attorney, and Diaz's daughter also attempted to speak with Diaz's counsel. The Court finds that Diaz's actions were the same as those that a duly diligent person in Diaz's circumstances would have performed.[1]

Further, the Court finds no evidence Diaz misstated or concealed material facts at his change of plea hearing. Diaz is a Mexican national in the United States and speaks very limited English. *See* Diaz's Reply at 1; Transcript of July 20, 2011 evidentiary hearing at p. 84, ln. 17-22.

---

[1] The Court would also note that the delay between the time that Diaz filed his Motion for Enforcement of the Plea Agreement and the evidentiary hearing was caused in no part by any actions of Diaz. In fact, Diaz timely filed a reply to the government's response to his motion. The delay was due in large part to the Court's being advised by Diaz's counsel that he would be filing an advisement regarding the matter and Diaz's counsel taking a lengthy period of time to file his advisement.

Additionally, Diaz has had only six years of grammar school education in Mexico, has attended adult school in the United States, and has no ability to read or write in any language. *See* Diaz's Reply at 1; Transcript of July 20, 2011 evidentiary hearing at p. 72, ln. 9-11. Further, Diaz's counsel's assistant who spoke Spanish explained and had to assist Diaz in completing his plea paperwork. *See* Transcript of July 20, 2011 evidentiary hearing at p. 70, ln. 16 - p.71, ln. 5. Based upon the above, and Diaz's testimony at the July 20, 2011 evidentiary hearing, the Court finds that Diaz did not completely understand the questions asked of him at the change of plea hearing regarding whether any promises, aside from the plea agreement, had been made by anyone.

Accordingly, for the reasons set forth above, the Court finds that Diaz's Section 2255 motion was filed within one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence and, therefore, is timely.[2]

B.  Ineffective Assistance of Counsel

When a defendant challenges a guilty plea based on ineffective assistance of counsel, a court applies the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Hamilton*, 510 F.3d 1209, 1216 (10th Cir. 2007). "To prevail under this test, [defendant] must show *both* (1) that counsel's performance was deficient *and* (2) that this deficiency prejudiced [his] defense." *Id.* (internal quotations omitted) (emphasis in original). To establish that his attorney's performance was constitutionally deficient, defendant must show that his attorney's performance "fell outside the wide range of competence demanded of attorneys in criminal cases." *Id.* (internal

---

[2]To the extent, however, that Diaz is also bringing an ineffective assistance of counsel claim based upon his counsel's failure to object to the amount of drugs attributed to Diaz at sentencing, the Court finds that such a claim is untimely as Diaz was clearly aware of the facts supporting such a claim at the time of his sentencing, and in fact attempted to raise the issue in his appeal.

6

quotations omitted). To demonstrate that defendant suffered prejudice as a result of the alleged deficiency, defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotations omitted).

Having carefully reviewed the parties' submissions, as well as the court file in this case, the Court finds that Diaz's counsel's performance was clearly constitutionally deficient. Diaz's counsel inaccurately told him, prior to his plea of guilty, that the government had promised it would file a Rule 35 motion to reduce defendant's sentence based upon Diaz's cooperation, when in fact no such promise had been made by the government. The misrepresentation/miscommunication Diaz's counsel made to Diaz regarding an alleged promise by the government during the time Diaz was determining whether to accept the government's plea agreement clearly falls outside the wide range of competence demanded of attorneys in criminal cases.

However, having carefully and thoroughly reviewed the parties' submissions, as well as the entire court file in this case, the Court finds Diaz has failed to establish that he suffered prejudice as a result of the misrepresentation/miscommunication. Specifically, the Court finds that Diaz has not shown that there is a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. In his motion, Diaz states that the alleged promise by the government was the main factor in defendant's decision to plea but sets forth nothing to indicate that he would not have pleaded guilty and would have insisted on going to trial. Further, in his motion and reply, as well as in any other filing made with this Court, Diaz makes no allegations regarding the effect of the misrepresentation/miscommunication on his decision to plea and sets forth nothing to indicate that he would not have pleaded guilty and would have insisted on

going to trial. The Court, therefore, finds Diaz has failed to allege the kind of "prejudice" necessary to satisfy the second part of the *Strickland* test. Accordingly, the Court finds that Diaz is not entitled to relief.

III.     Evidentiary Hearing

As set forth above, Diaz's motion does not set forth a basis for relief from his sentence or conviction. Because that conclusion is conclusively shown from the record and from the nature of Diaz's claim, the Court finds there is no need for an evidentiary hearing on this motion. 28 U.S.C. §2255; *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

IV.     Conclusion

Accordingly, the Court DENIES Diaz's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 23rd day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE